B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>MAYAGÜEZ MEDICAL CENTER DR. RAMÓN E. BETANCES, INC. | DEFENDANTS<br>MEDICAL EDUCATIONAL AND HEALTH SERVICE, INC. |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>PIETRANTONI MENDEZ & ALVAREZ LLP<br>Banco Popular Center, 19th Floor<br>209 Muñoz Rivera Avenue<br>San Juan, PR 00921 | ATTORNEYS (If Known)<br>RAFAEL GONZALEZ VELEZ<br>1806 McCleary St., Suite 1-B<br>Ocean Park<br>San Juan, PR 00911-1321 |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Declaratory Judgment, Collection of Monies and Injunctive Relief

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☒ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>MEDICAL EDUCATIONAL AND HEALTH SERVICE, INC. | BANKRUPTCY CASE NO.<br>10-04905 BKT | | |
| DISTRICT IN WHICH CASE IS PENDING<br>PUERTO RICO | DIVISION OFFICE | NAME OF JUDGE<br>Brian K. Tester | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>August 24, 2010 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Jorge I. Peirats | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MEDICAL EDUCATIONAL AND HEALTH SERVICE, INC. <br><br> Debtor | Case No. 10-04905-BKT <br><br> CHAPTER 11 |
| MAYAGÜEZ MEDICAL CENTER-DR. RAMÓN EMETERIO BETANCES, INC. <br><br> Plaintiff <br><br> v. <br><br> MEDICAL EDUCATIONAL AND HEALTH SERVICE, INC. <br><br> Defendant | Adversary No. <br><br> Declaratory Judgment, Collection of Monies and Injunctive Relief |

## COMPLAINT

TO THE HONORABLE BRIAN K. TESTER
UNITED STATES BANKUPTCY JUDGE:

COMES NOW, Mayagüez Medical Center-Dr. Ramón Emeterio Betances, Inc. ("MMC"), through its undersigned counsel and respectfully complains against Medical Educational and Health Service, Inc ("Debtor or MEDHS") as follows:

1. Plaintiff is a corporation organized under the laws of the Commonwealth of Puerto Rico, with its principal place of business in Mayagüez, Puerto Rico.

2. MEDHS is the debtor of the captioned Chapter 11 proceeding before this Court.

3. This is an action arising under Title 11 of the United States Code, arising in and relating to the captioned Chapter 11 proceeding. This Court has jurisdiction pursuant to 28 U.S.C. section 1334. This is a core proceeding under 28 U.S.C section 157(b)(2).

4.  Venue is proper in this District.

5.  This action involves an actual case and controversy concerning the rights of the parties under 28 U.S.C. section 2201. It also involves a request for collection of monies and permanent injunctive relief.

6.  The Municipality of Mayagüez is the owner of the Ramón Emeterio Betances Medical Center (the "Hospital") located in Mayagüez, Puerto Rico.

7.  Pursuant to an Operation and Administration Agreement dated August 27, 2009 (the "First Lease Agreement") entered into by and between the Municipality of Mayagüez and Sistemas Integrados de Salud del Sur-Oeste, Inc. ("SISSO") and Debtor, SISSO became the administrator of the Hospital.

8.  SISSO in turn entered into a sub lease n agreement with Debtor dated September 1, 2009 to sublease, administer, and operate the Hospital (the "Sub-Lease Agreement").

9.  On January 28, 2010, the Municipality of Mayagüez terminated the First Lease Agreement effective on that same date.

10. SISSO accepted the termination of the First Lease Agreement and returned the possession of the Hospital to the Municipality of Mayagüez on January 29, 2010.

11. The Municipality of Mayagüez entered into another Operation and Administration Agreement, this one dated January 29, 2010 with MMC (the "Existing Lease Agreement").

12. Notwithstanding the termination of the First Lease Agreement by the Municipality of Mayagüez, Debtor continued to act as operator and administrator of the Hospital.

13. MMC and SISSO notified Debtor that the Sub-Lease Agreement terminated by operation of law on January 28, 2010 when the Municipality of Mayagüez terminated the First Lease Agreement.

14. Again notwithstanding the aforesaid, Debtor continues to act as administrator and operator of the Hospital.

15. MMC requests that this Court declare that the Sub-Lease Agreement was terminated effective January 29, 2010 and that Debtor is not the operator or administrator of the Hospital, effective January 29, 2010, and that any and all acts undertaken by Debtor after that date as purported administrator and operator do not bind the Hospital.

16. MMC requests that Debtor turn over to MMC any and all payments received by Debtor from tenants or from any other individual or entity for any other purpose related to the operation and administration of the Hospital from January 29, 2010 to date.

17. Consequently, MMC further requests that this Court enjoin Debtor from continuing to represent itself or act in any way as operator and administrator of the Hospital.

WHEREFORE, MMC respectfully requests this Honorable Court to enter judgment against Debtor as follows:

a. declaring that the Sub-Lease Agreement was terminated by operation of law effective January 29, 2010;

b. declaring that Debtor is not the operator or administrator of the Hospital, effective January 29, 2010;

c. declaring that any and all acts undertaken by Debtor after that date as purported lessee, administrator and operator do not bind the Hospital or MMC;

d. ordering Debtor to turn over to MMC any and all payments received by Debtor from tenants or from any other individual or entity for any other purpose related to the leasing, operation and administration of the Hospital from January 29, 2010 to date;

-4-

e. enjoining Debtor from continuing to represent itself or act in any way as lessor, operator and administrator of the Hospital;

f. entering any other relief which is just and fair;

g. awarding costs and attorney's fees against Debtor and in MMC's favor.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 23rd day of August, 2010.

I hereby certify that on this date a true and exact copy of the foregoing document has been filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the entities or persons registered in the system.

S/ JORGE I. PEIRATS
Jorge I. Peirats
USDC No. 201409
**PIETRANTONI MENDEZ & ALVAREZ LLP**
Banco Popular Center, 19th Floor
209 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
Telephone: (787) 274-1212
Facsimile: (787) 274-1470
jpeirats@pmalaw.com